

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| IN RE | ) | |
| | ) | |
| DARRELL L. LOWE and | ) | CASE NO. 09-37600-H3-7 |
| MICHELLE D. LOWE, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Motion for Relief from the Stay Regarding Non-Exempt Property" (Docket No. 14) filed by BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP as Servicing Agent for the Bank of New York Mellon FKA the Bank of New York, as Trustee for the Certificate Holders, CWALT, Alternative Loan Trust 2007-14T2 Mortgage Pass-through Certificates, Series 2007-14T2 its Assigns and/or Successors in Interest.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the motion in part.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Darrell L. Lowe and Michelle D. Lowe ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 6, 2009.  Robbye R. Waldron is the Chapter 7 Trustee.

On March 27, 2007, Darrell Lowe executed a "Texas Home Equity Note," in the original principal amount of $1,540,000, payable to America's Wholesale Lender.  On the same date, both Debtors executed a "Texas Home Equity Security Instrument" with respect to property located at 35 Hildene Way, Spring, Texas.

Jeffrey M. Kemp, a litigation specialist who works for BAC Home Loans Servicing, LP ("Movant"), testified that Movant's name and organizational form have changed.  He testified that Countrywide Home Loans, Inc., which did business under the assumed name "America's Wholesale Lender," changed its organizational form, becoming Countrywide Home Loan Servicing, LP, and then changed its name, becoming BAC Home Loans Servicing, LP.

Kemp testified that the current balance due on the note is $1,953,499.49.  He testified that the note is contractually due for the payment due in September, 2007 and all subsequent payments.

Debtors did not list the property as exempt.

No evidence was presented as to the value of the property.

In the instant motion, Movant seeks relief from stay, in order to conduct a foreclosure of its asserted interest in the property.

The instant motion is opposed by the Chapter 7 Trustee. The Chapter 7 Trustee contends that the stay should not lift because Movant cannot prove the validity of its lien, and because Movant cannot prove that the estate lacks equity in the property.

At the hearing on the instant motion, Movant requested that the court determine, in light of the absence of numbered paragraphs in Trustee's response denying the allegations in the instant motion, that Movant's contentions in the motion as to the absence of equity in the property be deemed judicially admitted.

In the instant motion, Movant has emulated the language of a form promulgated by this court for use in motions for relief from stay regarding exempt property, checking a box which reads, in part:  "Movant seeks relief based on the debtor(s)' failure to make payments."  (Docket No. 14).

In the instant motion, Movant has filled in blanks containing the following information:

    6. Debtor's scheduled value of property: $1,450,000.00.

    7. Movant's estimated value of property: $1,769,810.00.

    8. Total amount owed to movant: $1,874,050.24.

    9. Estimated equity (paragraph 7 minus paragraph 8): $-104,240.24.

(Docket No. 14).

Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in
pertinent part:

> (d) On request of a party in interest and after notice
> and a hearing, the court shall grant relief from the
> stay provided under subsection (a) of this section,
> such as by terminating, annulling, modifying, or
> conditioning such stay--
>
>> (1) for cause, including the lack of adequate
>> protection of an interest in property of such
>> party in interest;
>>
>> (2) with respect to a stay of an act against
>> property under subsection (a) of this section, if
>>
>>> (A) the debtor does not have an equity in
>>> such property; and
>>>
>>> (B) such property is not necessary to an
>>> effective reorganization.

11 U.S.C. § 362(d)(1).

The party requesting relief has the burden of proof on
the issue of the debtor's equity in the property.  The party
opposing relief has the burden of proof on all other issues.
11 U.S.C. § 362(g).

What constitutes "cause" for the lifting of the stay
pursuant to Section 362(d)(1) is not defined in the Bankruptcy
Code.  Whether cause exists must be determined on a case by case
basis based on an examination of the totality of circumstances.
In re Trident Assoc. L.P., 52 F.3d 127 (6th Cir. 1995); Claughton
v. Mixson, 33 F.3d 4 (4th Cir. 1994); In re Tucson Estates, Inc.,
912 F.2d 1162 (9th Cir. 1990).

4

With respect to motions for relief from stay regarding exempt real property in Chapter 7 and Chapter 13 cases, this court has promulgated forms and, in Bankruptcy Local Rule 4001-1(f), mandated their use.  No such form requirement applies to motions for relief from stay regarding non-exempt property. In the instant motion, Movant has not pled either that the failure to make payments constitutes a lack of adequate protection (or other cause for lifting of the stay), or that the failure to make payments indicates the absence of Debtor's equity or that the property is not necessary to an effective reorganization.

Bankruptcy Local Rule 4001-1(a)(9) requires that a denial conform with Fed. R. Bankr. P. 7008.  That rule provides that Rule 8 of the Federal Rules of Civil Procedure applies in adversary proceedings.  Under Rule 8(b)(2), a denial must fairly respond to the substance of the allegation.  Under Rule 8(b)(3), a party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.  Under Rule 8(b)(6), an allegation, other than one relating to the amount of damages, is admitted if a responsive pleading is required and the allegation is not denied.

The language based on which Movant seeks a determination that the absence of Debtor's equity in the property

is judicially admitted is the language in Paragraphs 6-9 of the
instant motion.  In the response filed by the Trustee, the
Trustee raises the argument that there is no evidence to prove
that the estate has no equity.  That argument addresses the
substance of the allegation, and is effective to deny the
allegation (to the extent it is made) that the estate lacks
equity in the property.  Moreover, the language chosen by Movant
in the instant motion is insufficient to plead the absence of
equity; the language addresses merely an estimate.  The court
concludes that there is no judicial admission as to the absence
of equity.

       With respect to the evidence as to equity, the Movant
introduced evidence of the current amount of the debt, but
introduced no evidence as to the value of the property.  As the
party requesting relief, the Movant has the burden of proof.  The
court concludes that Movant has failed to meet its burden of
proof on the question of equity.[1]

       With respect to the question of cause, there has been
no offer of adequate protection.  There is no evidence from which
the court can infer an equity cushion that would serve as
adequate protection.  Rather, Trustee, acting through special

---

[1]The court notes that, because Section 362(d)(2) is phrased
in the conjunctive, the failure of Movant to meet its burden of
proof on the issue of equity means that stay is not lifted based
on 362(d)(2), and the court need not reach the question of
whether the property is necessary to an effective reorganization.

counsel (who also has appeared in this case as counsel for Braun

Enterprises, an unsecured creditor), relies on an argument that

the debt itself is not valid.  The question of whether the debt

is valid is not before this court in the instant motion.

However, because the argument has been raised, the court will not

lift the stay to permit a nonjudicial foreclosure.  Rather, the

court will modify the stay only to permit Movant to exercise

rights it may have under applicable law to proceed with a

judicial foreclosure, and to allow any other party in interest to

assert whatever rights they may have under applicable law.

        Based on the foregoing, a separate Judgment will be

entered granting in part the "Motion for Relief from the Stay

Regarding Non-Exempt Property" (Docket No. 14) filed by BAC Home

Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP as

Servicing Agent for the Bank of New York Mellon FKA the Bank of

New York, as Trustee for the Certificate Holders, CWALT,

Alternative Loan Trust 2007-14T2 Mortgage Pass-through

Certificates, Series 2007-14T2 its Assigns and/or Successors in

Interest.

        Signed at Houston, Texas on March 4, 2010.


LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE