IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| DARRELL and MICHELLE LOWE, | ) | CASE NO. 09-37600-H3-7 |
| Debtors | ) ) ) | |

<u>MEMORANDUM OPINION</u>

The court heard the "Motion of Alerst, LLC To Enforce Executory Contract Relating to 35 Hildene Way, The Woodlands, Texas 77382" (Docket No. 12) and after consideration of the Response (Docket No. 15) filed by Carlton Woods Association, Inc., the Objection (Docket No. 19) filed by Braun Enterprises, the pleadings, evidence, and argument of counsel, the court makes the following Findings of Fact and Conclusions of Law.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

On October 6, 2009, Darrell and Michelle Lowe, Debtors, filed a voluntary petition under Chapter 7 of the Bankruptcy Code.  The petition indicates that it is estimated that there will no funds available for distribution to unsecured creditors.  However, upon the conclusion of the creditors' meeting, the

Chapter 7 Trustee, Robbye R. Waldron, indicated that there were potential assets for distribution. Docket Entry dated November 18, 2009. On their schedules, Debtors listed the real property located at 35 Hildene Way, The Woodlands, Texas (hereinafter referred to as the "Property") as their homestead and noted that it had been listed for sale "for $1,450,000.00 but that no offers have been received." Debtors' scheduled value of the property is $1,450,000, encumbered with a secured claim in the amount of $1,581,597.19. Docket No. 1, Schedule A. The Montgomery County Appraisal District valued the Property for 2009 in the amount of $375,748 for the land and $1,394,070 for the improvements, totaling $1,769,810. Debtors claimed the federal exemptions under 11 U.S.C. § 522(b)(2) but did not claim the property as exempt. Docket No. 1, Schedule C. In connection with the debts that are secured by the property, Debtors intend to surrender the property. Docket No. 1, Statement of Intention.

Alerst LLC (Alerst), Movant, seeks enforcement of an "Option Contract for Sale and Purchase" executed by Debtors on July 3, 2009 in connection with the Property. Exhibit A, Docket No. 12. Movant requests that the court order specific performance of the executory contract and allow it to purchase and take title to the Property, free and clear of all liens other than for ad valorem taxes, at such price and upon such terms as may be agreed to by BAC Home Loans Servicing (BAC), the holder of the first lien mortgage on the Property. The Option Contract

provides that Movant has the right to exercise the option to purchase the Property from July 3, 2009 until December 21, 2009.

No response or opposition to the requested relief was filed by Debtors, Debtors' counsel, or the Chapter 7 Trustee. Neither Debtors, Debtors' counsel nor the Chapter 7 Trustee appeared at any hearing in connection with the instant motion. At the hearing, Movant represented to the court that the Chapter 7 Trustee does not oppose the motion. Steven Bouchard, a representative of Alerst, testified that Alerst is not a creditor of the estate and only wants to buy the Property from the estate to pursue a short sale of the Property with BAC. Bouchard testified that only one offer to purchase the Property for $933,000 has been received during the three years the Property has been on the market for sale. Bouchard further testified that the Property is vacant, deteriorating and that Alerst incurred expenses of approximately $2,000 to winterize the Property.

## Conclusions of Law

Section 365(a) provides that the trustee, subject to the court's approval, may assume or reject any executory contract of the debtor. The power to assume or reject in a Chapter 7 case rests with the trustee, not the debtor. *See In re Gatea*, 227 B.R. 695 (Bankr. S.D. Ind. 1997); *In re Rodall*, 165 B.R. 506 (Bankr. M.D. Fla. 1994); *In re Del Grosso*, 115 B.R. 136 (Bankr. N.D. Ill. 1990). In a case under chapter 7, if the trustee does

not assume or reject an executory contract of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period fixes, then such contract is deemed rejected.  11 U.S.C. § 365(d)(1).  The rejection of an executory contract of the debtor constitutes a breach of such contract immediately before the date of the filing of the petition.  11 U.S.C. § 365(g).

Rejection of the contract and the deemed breach do not affect the parties' substantive rights under the contract, such as the amount owing or measure of damages for breach, and does not waive any defenses to the contract.[1]  See A & L Labs, Inc. v. Bou-Matic LLC, 429 F.3d 775 (8th Cir. 2005); *Megafoods Stores, Inc. v. Flagstaff Realty Assocs.*, 60 F.3d 1031 (3d Cir. 1995); *Durkin v. Benedor Corp.*, 204 F.3d 1276 (9th Cir. 2000).  However, it deprives the non-debtor party of a specific performance remedy as breach of the contract only gives rise to a claim for damages as of the petition date.  *See Aslan v. Sycamore Inv. Co.*, 909 F.2d 367 (9th Cir. 1990); *Nickels Midway Pier, LLC. V. Wild Waves, LLC,* 341 B.R. 486 (D.N.J. 2006).

---

[1] The court notes that the contract was signed on July 3, 2009 by Darrell L. Lowe and "Alerst LLC" is written in script, by an unidentified individual, as the purchaser.  The contract does not contain the signature of an individual representative of Alerst although there is a signature line for "agent."  The signature page includes a notary stamp signed by the notary but dated August 24, 2009.  The purchase price is "TBD or the total purchase price will be the negotiated balances of all liens, mortgages and closing costs."

The docket sheet reflects that the Chapter 7 Trustee has not sought to assume or reject the Option Contract within the time limits of section 365(d)(1), within 60 days after the date of the order for relief, December 7, 2009, and no extension of this time period has been sought.  The court finds that the Option Contract was deemed rejected by operation of section 365(d)(1).

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on this 4th day of March, 2010.

*[signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE